William S. Kronenberg - 133730
Steven A. Kronenberg - 215541
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:     (415) 788-1900
Fax:    (415) 393-8087

Attorneys for Defendant
WESTERN MARINE INSURANCE SERVICES
CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMINI INSURANCE COMPANY, a corporation,<br><br>  Plaintiff,<br><br>v.<br><br>WESTERN MARINE INSURANCE SERVICES CORPORATION, a California corporation,<br><br>  Defendant. | Case No.: 2:10-CV-03172-KJM -JFM<br><br>**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION ("Westmar"), a California Corporation, and in answering the Complaint of Plaintiff, admits, denies, and alleges as follows:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits it resides in the Eastern District of California, but lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 2 of the Complaint, and based upon such lack of information or belief, denies the remaining allegations therein.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**

7.      Defendant admits it entered a Program Administrator Agreement with Gemini effective July 1, 2004. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint; the document speaks for itself.

8.      Defendant admits it issued Gemini package insurance policy No. WGP0000073-00 to Wesco Sales Corporation ("Wesco") with effective dates August 6, 2004 to August 6, 2005. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 8 of the Complaint, and based upon such lack of information or belief, denies the remaining allegations therein.

9.      Defendant admits it issued Gemini renewal package insurance policy No. WGP0000073-01 to Wesco with effective dates August 6, 2005 to August 6, 2006. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 9 of the Complaint, and based upon such lack of information or belief, denies the remaining allegations therein.

10.     Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 10 of the Complaint and based upon such lack of information or belief, denies the remaining allegations therein.

11.     Defendant admits it issued Gemini renewal package insurance policy No. WGP0000073-02 to Wesco with effective dates August 6, 2006 to August 6, 2007. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 11 of the Complaint, and based upon such lack of information or belief, denies the remaining allegations therein.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits Mr. Steven A. Kronenberg sent a May 7, 2009 letter to Gemini. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint, the document speaks for itself.

18.     Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient information or belief to admit or deny the allegations of Paragraph 19 of the Complaint, and based upon such lack of information or belief, denies the allegations therein.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. In answering Paragraph 21 of the Complaint, Defendant realleges and incorporates and hereby references its answers to Paragraphs 1 through 20, inclusive, herein.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. In answering Paragraph 24 of the Complaint, Defendant realleges and incorporates and hereby references its answers to Paragraphs 1 through 23, inclusive, herein.

25. Defendant lacks sufficient information or belief to admit or deny the allegations of Paragraph 25 of the Complaint, and based upon such lack of information or belief, denies the allegations therein.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. AS A FIRST SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant alleges that the complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

31. AS A SECOND SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that the complaint, and each cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title II, Chapter 3, of the California Code of Civil Procedure, including, but not limited to, sections 337, 338, 339, 340, 340(3), 340.5, 340.6 and 343.

32. AS A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendant is informed and believes and thereon alleges that Plaintiff itself was negligent and/or careless in and about the matters referred to in the Complaint and to the extent that such negligence

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**

1  and/or carelessness on the part of Plaintiff caused and/or contributed to the alleged damages, if any
2  there were, Plaintiff's recovery should be barred or proportionately reduced.

3      33.    AS A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON
4  FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and
5  thereon alleges that other persons were careless and/or negligent, and/or committed intentional acts,
6  and that this carelessness and negligence or these intentional acts proximately contributed to the
7  happening of the incidents referred to in the complaint.  Defendant therefore requests that in the event
8  of a finding of any liability in favor of Plaintiff, or settlement or judgment against this answering
9  Defendant, an apportionment of fault be made among all parties, as permitted by <u>Li v. Yellow Cab Co.
10 and American Motorcycle Assn. v. Superior Court</u>, by the Court or jury.  Defendant further requests a
11 judgment and declaration of partial indemnification and contribution against all other parties or
12 persons in accordance with the apportionment of fault.

13     34.    AS A FIFTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON
14 FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and
15 thereon alleges that Plaintiff failed and neglected to use reasonable care to protect itself and to
16 minimize the losses and damages complained of, if any there were.

17     35.    AS A SIXTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON
18 FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and
19 thereon alleges that Plaintiff independently investigated the insurance claims described in the
20 Complaint and did not rely upon any representations made by Defendant, and therefore, any injuries,
21 losses or damages complained of by Plaintiff, if any there were, were not occasioned by any
22 representations made by Defendant.

23     36.    AS A SEVENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT
24 ON FILE HEREIN, and each of the claims set forth therein, Defendant denies that it has breached any
25 contract with Plaintiff, giving rise to the damages alleged in the Complaint; and further alleges any
26 liability and damages incurred herein by Plaintiff are due solely and totally to the acts or omissions of
27 Plaintiff's employees, agents or customers of Plaintiff herein, for which Defendant has no
28 responsibility.

37. AS AN EIGHTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that the Complaint is barred by the Statute of Frauds.

38. AS A NINTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

39. AS A TENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

40. AS AN ELEVENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

41. AS A TWELFTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendant is informed and believes and thereon alleges that Plaintiff and its personnel failed to thoroughly investigate Wesco's claims including but not limited to the applicability of exclusions and grounds for rescission.

42. AS A THIRTEENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is entitled to a set-off for sums already paid settling the underlying action with Wesco against Plaintiff's damages in this action, if any there were.

43. AS A FOURTEENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that Plaintiff lacks standing to sue.

44. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**

1  reserves herein the right to assert additional defenses in the event discovery indicates that they would
2  be appropriate.

3  **WHEREFORE**, Defendant WESTERN MARINE INSURANCE SERVICES
4  CORPORATION prays that Plaintiff take nothing by way of its Complaint, and that the Complaint be
5  dismissed and Defendant awarded its costs, including reasonable attorneys' fees and such other relief
6  as the Court may deem just and proper.

7  WESTERN MARINE INSURANCE SERVICES CORPORATION HEREBY REQUESTS A
8  TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

10  Dated: February 17, 2011

MURPHY, PEARSON, BRADLEY & FEENEY

By   /s/ Steven A. Kronenberg
     Steven A. Kronenberg
     Attorneys for Defendant
     WESTERN MARINE INSURANCE SERVICES
     CORPORATION

EPW.20213322.doc

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**

# **CERTIFICATE OF SERVICE**

I, Shannon R. Young, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On February 17, 2011, I served the following document(s) on the parties in the within action:

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| ✓ | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| ✓ | **BY EMAIL/PACER/ECF**: I caused all of the pages of the above-entitled document(s) to be sent to the recipient(s) noted below via ECF/PACER and email. |
| ✓ | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Howard Wollitz
CHARLSTON, REVICH & WOLLITZ LLP
1925 Century Park East, Ste. 1250
Los Angeles, CA  90067-2746
Tel.: (310) 551-7000
Fax: (310) 203-9321


I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 17, 2011.

By   /s/ Shannon R. Young
     Shannon R. Young

- 7 -

**DEFENDANT WESTERN MARINE INSURANCE SERVICES CORPORATION'S ANSWER TO COMPLAINT**